UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS DEAN GRAY, | Case No. 2:24-cv-03155-CSK |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Marcus Dean Gray, with the aid of counsel, filed this action on November 13, 2024.[1] (ECF No. 1.) Under the operative scheduling order, Defendant Commissioner of Social Security was to file a copy of the administrative complaint within 60 days of service, and Plaintiff's motion for summary judgment was to be filed 30 days thereafter. (ECF No. 3 at 3(a)-(b).) On January 10, 2025, the Court granted the parties' stipulated request to extend the time for Defendant to respond to Plaintiff's complaint by forty-five days. (ECF No. 7.) The Commissioner filed two transcripts, one on February 24, 2025 and one on February 27, 2025. (ECF Nos. 8, 10.) It is unclear why two transcripts were filed. Based on the filing date of the second transcript, Plaintiff's motion for summary

---

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 4, 5, 9.)

1

judgment was due by March 31, 2025.

This deadline passed without any filing by Plaintiff. In the interests of justice, the Court refrained from dismissing at that time. Instead, on April 25, 2025, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute, or to file his motion within fourteen days. (ECF No. 11.) To date, Plaintiff has not responded to the order to show cause or filed his motion. Thus, the Court dismisses for failure to prosecute.

## I.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendant(s);
> (4) the availability of less drastic alternatives; and
> (5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II.   DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be

dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, Plaintiff previously missed the filing deadline and was given an opportunity to explain this failure. (ECF No. 11.) Plaintiff did not respond in any way.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's action be DISMISSED; and
2. The Clerk of Court be directed to CLOSE this case.

Dated:  June 17, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, gray.3155.24

3